KEVIN S. EPPERSON, Exceptant Below, Appellant,
v.
ALETHIA T. HICKSON, Personal Representative Below, Appellee.
No. 215, 2008.
Supreme Court of Delaware.
Submitted: November 6, 2008.
Decided: December 16, 2008.
Before STEELE, Chief Justice, HOLLAND and BERGER, Justices

ORDER
RANDY J. HOLLAND, Justice.
This 16th day of December 2008, it appears to the Court that:
(1) On May 10, 2005, Daisy Mae Jones died intestate in Wilmington, Delaware. The decedent was survived by her spouse, three sons and a daughter. Letters testamentary were granted by the Register of Wills to the decedent's daughter, Alethia T. Hickson, who filed an inventory and final accounting on the estate.
(2) One of the decedent's sons, Kevin S. Epperson, took exception to the inventory and accounting and requested a hearing. After a hearing and further written submissions by Epperson, a Master in Chancery submitted a final report dated March 6, 2008.
(3) On April 30, 2008, Epperson filed an appeal from the Court of Chancery's decision of April 1, 2008 that adopted the Master's final report of March 6, 2008. Epperson's opening brief was due to be filed by June 16, 2008.
(4) On May 7, 2008, Epperson filed a motion for an extension of time to file the opening brief. By order dated May 8, 2008, Epperson was granted an extension of time until July 30, 2008. Epperson filed for a second brief extension on July 30, 2008. By order dated July 31, 2008, Epperson was granted an extension of time until August 18, 2008, to file the opening brief. Epperson was also advised that the Court would grant no further extensions. Epperson did not file the opening brief on August 18, 2008.
(5) On September 2, 2008, the Chief Deputy Clerk issued a notice advising Epperson that his brief was delinquent and must be filed within seven days. Epperson did not file the opening brief.
(6) On September 11, 2008, the Clerk issued a notice pursuant to Supreme Court Rule 29(b) directing that Epperson show cause why his appeal should not be dismissed for his failure to file the opening brief and appendix. Epperson responded with a letter requesting that his appeal be dismissed "without prejudice."
(7) By letter dated September 17, 2008, the Clerk advised Epperson that if he intended to dismiss his appeal, he must file a voluntary dismissal with prejudice under Delaware Supreme Court Rule 29(a); otherwise he was required to file the opening brief by September 30, 2008. Epperson did not file a voluntary dismissal, and he did not file the opening brief.
(8) On October 2, 2008, the Chief Deputy Clerk issued a second brief delinquency notice to Epperson. Epperson did not file the opening brief as he was directed. Instead, he filed a document entitled "Extraordinary Circumstances," which this Court deemed to be a motion to stay. By letter dated October 14, 2008, the Clerk directed that the appellee, Alethia Hickson, file a response to Epperson's motion to stay. Hickson filed her response on October 31, 2008.
(9) Epperson's motion requests a stay of this appeal on the basis that a related debt action is pending in the Superior Court. Hickson opposes Epperson's motion, and Epperson has not demonstrated that a stay is necessary for the furtherance of this appeal.
(10) Epperson has chosen not to file an opening brief as required by Supreme Court Rule 15. For Epperson's failure to diligently prosecute the appeal, dismissal of the appeal is appropriate.
NOW, THEREFORE, IT IS ORDERED that the motion for stay is DENIED for lack of good cause shown. Pursuant to Supreme Court Rule 29(b), the appeal is DISMISSED.